By the Court.
While the law undoubtedly is as claimed by plaintiff, to wit, that where a vendor of property gives- *641 to a known agent of the purchaser a receipt in full for the purchase-money, and the purchaser in good faith, relying on the truth and validity of the receipt, pays the amount to the agent, the vendor is estopped from denying the truth of the receipt, to the prejudice of the purchaser, still we think the case before us does not turn on this question of law, but rather upon question's of fact as to the true relations and knowledge of the parties. The case therefore falls within the rule laid down in Hammond v. Hammond, 21 Ohio St. 620, and the judgment of reversal must be affirmed.
¥e think, however, that the court, in general term, after reversing the judgment below, erred in proceeding to render final judgment on the merits. After reversal, the case should have been remanded to special term for a new trial, in accordance with the principle stated in Emery’s Sons v. Irving Bank, 25 Ohio St. 360.
Judgment of reversal affirmed, final judgment on the merits reversed, and cause remanded.